Filed 4/21/21  Harnois v . Prins CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| REGINA HARNOIS, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> JOHN PRINS et al., <br><br>     Defendants and Respondents. | D077196 <br><br><br> (Super. Ct. No. 19FL013176C) |

APPEAL from a judgment of the Superior Court of San Diego County, John B. Scherling, Judge.  Affirmed.

Regina Harnois, in pro. per, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Regina Harnois (Grandmother) appeals the family court's order denying her requests seeking custody of, and visitation with, her four-year-old grandson A.P. (Grandson).[1]  We affirm.

---

[1]    We deem the order denying custody and visitation "an appealable 'final judgment[] as to custody.' "  (See *Enrique M. v. Angelina V*. (2004) 121 Cal.App.4th 1371, 1378.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, Grandmother filed, in propria persona, a petition for grandparent visitation under Family Code section 3104 (undesignated statutory references are to the Family Code).[2]  She alleged that she is the paternal grandmother of Grandson, whose parents, Mia (Mother) and John (Father) (together, Parents), are currently married and have custody of Grandson.

The same day she filed her petition, Grandmother also filed, in propria persona, a request for order (RFO) seeking grandparent visitation.  About one week later, Grandmother—now represented by counsel—filed an amended RFO in which she also sought custody of Grandson, and to recover her attorney fees and costs from Parents.

In a supporting declaration, Grandmother stated Grandson and Parents had lived with her for most of Grandson's life, but they abruptly moved out about two weeks before she filed her petition.  Grandmother asserted Mother suffered from mental health issues, Father suffered from substance abuse issues, and they neglected and abused Grandson.

Grandmother explained in her declaration that, in addition to the present case, she also had "an ongoing Petition for Guardianship in probate

---

[2]    Section 3104, subdivision (a) states:  "(a)  On petition to the court by a grandparent of a minor child, the court may grant reasonable visitation rights to the grandparent if the court does both of the following:  [¶]  (1) Finds that there is a preexisting relationship between the grandparent and the grandchild that has engendered a bond such that visitation is in the best interest of the child.  [¶]  (2)  Balances the interest of the child in having visitation with the grandparent against the right of the parents to exercise their parental authority."

Section 3104, subdivision (b) sets forth certain standing requirements when the child's parents are married.  We address these requirements in Discussion part II.B.

court." She acknowledged that an investigation in that case by Guardianship Investigative Services (GIS) revealed she had a criminal history and prior involvement with Child Welfare Services regarding one of her own children. Grandmother took issue with these findings, as well as the investigator's opinion that Grandmother is "self-centered." Grandmother anticipated that the family court visitation supervisor's impending report would be more "favorable" to her.

Parents, also represented by counsel, responded to Grandmother's RFO by agreeing to allow supervised visitation after Grandmother proved "she has completed at least 12 sessions of individual counseling for anger management and drug/alcohol dependency."[3] Parents also requested that the court order Grandmother to pay their attorney fees and costs.

At the outset of the hearing on Grandmother's RFO's, the court announced its tentative ruling to deny her requests for custody and visitation.[4] As to custody, the court explained there was no family court proceeding pending between Parents and, thus, a guardianship proceeding in probate court or dependency court was the appropriate procedural mechanism. As to visitation, the court stated Grandmother lacked standing because section 3104 generally denies standing to grandparents when the parents are married, and no statutory exception appeared to apply.

---

[3] Parents proposed this in a Judicial Council form to which they attached supporting declarations and a memorandum of points and authorities. The form is in the appellate record, but the declarations and memorandum are not. Parents have not appeared in this appeal.

[4] The court continued the attorney fees requests to a later date. Attorney fees are not at issue in this appeal.

The court then repeatedly asked Grandmother's counsel to identify the specific authority on which Grandmother based her custody request. Counsel identified "the best interest of the child standard," but cited no specific authority. The court pointed out that "the family court services report didn't find it was in the best interest [for] [Grandmother] to have any time with [Grandson]."[5] In any event, the court indicated Grandmother's concerns were best addressed in her pending guardianship proceeding.

Concerning visitation, Grandmother's counsel informed the court he had a witness present and prepared to testify. The court responded that unless the witness would be establishing that Grandmother had standing to seek grandparent visitation, the court did not "see any reason for witness testimony." Counsel confirmed the witness would not be testifying to establish standing; rather, he would be testifying about mental health and substance abuse issues. The court did not allow the testimony.

The court denied Grandmother's RFO's and directed Parents' counsel to submit a proposed Findings and Order After Hearing (FOAH). In its signed FOAH, the court found it lacked jurisdiction to award custody, and that Grandmother lacked standing to seek visitation.[6]

---

[5]   This report is not in the appellate record.

[6]   Grandmother did not include the FOAH in the appellate record. On our own motion, we augment the record to include it. (See Cal. Rules of Court, rule 8.155(a)(1)(A) ["At any time, on . . . its own motion, the reviewing court may order the record augmented to include: [¶] . . . [a]ny document filed or lodged in the case in superior court."].) Additionally, although Grandmother filed her notice of appeal before the court entered the FOAH, we will deem her premature notice of appeal to have been timely filed after the court entered the FOAH. (See Cal. Rules of Court, rule 8.104(d); *Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1283.)

## II.  DISCUSSION

Grandmother states she is "appealing because the court did not take testimony or allow [her] witnesses or consider" best-interests principles under various Family Code provisions.[7]  Grandmother has not met her burden to show prejudicial error.  (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1484 ["It is a fundamental rule of appellate review that a judgment is presumed correct and the appealing party must affirmatively show error."].)  That is, because the family court correctly found that neither of Grandmother's requests were properly before the court, any testimony going to the merits of those requests was irrelevant and, thus, inadmissible. (See Evid. Code, § 350 [only relevant evidence is admissible].)

### A.  Custody

"The custody provisions of the Family Code apply only in proceedings that are generally, if not invariably, initiated by the parents of a child. . . . [T]hey have been held not to provide an independent basis for subject matter jurisdiction.  [Citation.]  A nonparent seeking custody therefore lacks standing to initiate a custody proceeding under the Family Code.  A guardianship petition under the Probate Code is the only judicial means for a nonparent to obtain custody when the parents have not themselves initiated a custody proceeding."  (*Erika K. v. Brett D.* (2008) 161 Cal.App.4th 1259, 1269 (*Erika K.*); see *Scott v. Superior Court* (2009) 171 Cal.App.4th 540, 546 (*Scott*).)

---

7    Grandmother cites sections 3020 (stating the public policy regarding best interests), 3104 (stating criteria for grandparent visitation), 3011 (identifying pertinent best-interests factors), and 3041.5 (authorizing the court to require a person seeking custody to undergo drug testing).

Grandmother sought custody of Grandson under various Family Code theories in a proceeding *she* commenced—Parents "ha[d] not themselves initiated a custody proceeding." (*Erika K.*, *supra*, 161 Cal.App.4th at p. 1269.) Thus, Grandmother lacked standing "to initiate a custody proceeding under the Family Code." (*Ibid.*; see *Scott*, *supra*, 171 Cal.App.4th at p. 546.)[8] Instead, her remedy was to continue pursuing her guardianship petition in probate court. (*Ibid.*)

Because the custody issue was not properly before the family court, any evidence regarding Grandson's best interests that would otherwise have been relevant to the issue was no longer relevant and, thus, properly excluded.

## B. Visitation

"Grandparents' rights to court-ordered visitation with their grandchildren are purely statutory." (*In re Marriage of Harris* (2004) 34 Cal.4th 210, 219.) Section 3104, at issue here, "does not confer standing upon grandparents to file a petition for visitation while a minor child's natural or adoptive parents are married, unless certain circumstances exist." (*Lopez v. Martinez* (2000) 85 Cal.App.4th 279, 283.) Specifically, subdivision (b) of section 3104 states:

> "A petition for visitation under this section shall not be filed while the natural or adoptive parents are married, unless one or more of the following circumstances exist:
>
> "(1) The parents are currently living separately and apart on a permanent or indefinite basis.

---

[8] Although the family court based its custody ruling on *jurisdiction* rather than *standing*, " ' "we will affirm a judgment or order if it is correct on any theory of law applicable to the case . . . ." ' " (*In re Marriage of Klug* (2005) 130 Cal.App.4th 1389, 1393.)

6

"(2) One of the parents has been absent for more than one month without the other spouse knowing the whereabouts of the absent spouse.

"(3) One of the parents joins in the petition with the grandparents.

"(4) The child is not residing with either parent.

"(5) The child has been adopted by a stepparent.

"(6) One of the parents is incarcerated or involuntarily institutionalized."

Grandmother acknowledged in her petition that Parents are married. Thus, to establish standing, Grandmother bore the burden of showing she fell within one of section 3104, subdivision (b)'s six exceptions. Grandmother offered no evidence on any of them. Accordingly, she failed to establish she had standing to seek visitation.

Because the visitation issue was not properly before the court, any evidence regarding Grandson's best interests that would otherwise have been relevant to the issue was no longer relevant and, thus, properly excluded.

## DISPOSITION

The judgment is affirmed. Grandmother to bear Parents' costs on appeal.

HALLER, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.

7